UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TOM FRANKLIN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>U.S. BANKRTUPCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK,<br><br>　　　　　　Defendant. | CIV. 15-4059-KES<br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

　　　　Plaintiff, Tom Franklin, has filed a complaint seeking injunctive relief under the Freedom of Information Act and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 3.

　　　　A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Therefore, determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).

According to Franklin's application to proceed in forma pauperis, he is unemployed and has no source of income. Docket 3. Franklin has thus made the requisite financial showing to qualify for in forma pauperis status. But the inquiry does not end there. Under § 1915, the court is required to screen Franklin's complaint to determine whether any claims should be dismissed. The court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. Similarly, the court may dismiss a claim as frivolous when the court lacks jurisdiction over the action. *Webber v. Rysavy*, 646 F.2d 1296, 1297 (8th Cir. 1981).

In the instant case, Franklin alleges that he is a resident of Texas and that defendant is a resident of New York. Thus, Franklin has not alleged that any party to this action is a resident of South Dakota, nor has he alleged that a substantial part of the events or omissions giving rise to the claim occurred within South Dakota. To the contrary, the document at issue appears to be located in New York, New York. Docket 1. The court is therefore without jurisdiction to consider the claims set forth in Franklin's complaint and the

claim does not survive initial review under 28 U.S.C. § 1915(e)(2)(A). Accordingly, it is

ORDERED that Franklin's motion for leave to proceed in forma pauperis (Docket 3) is granted. The filing fee is waived.

IT IS FURTHER ORDERED that Franklin's complaint (Docket 1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that Franklin's motion for permission to file documents electronically (Docket 6) is denied as moot.

Dated April 23, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE